Megan E. Glor, OSB No. 930178
Email: oregonerisalawyer@gmail.com
Michael A. Lopez, OSB No. 060872
Email: lopcmike@gmail.com
Megan E. Glor, Attorneys at Law, PC
621 SW Morrison, Suite 910
Portland, OR 97205
Telephone: (503) 223-7400
Fax: (503) 227-2530



08cv1093
JUDGE LEFKOW
MAG. JUDGE NOLAN

*Not an Original Signature*

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **J. KEVIN GARVEY** | Civil No. |
| **Plaintiff,** | |
| v. | Complaint |
| **PIPER RUDNICK LLP LONG TERM DISABILITY INSURANCE PLAN; STANDARD INSURANCE COMPANY, a subsidiary of STANCORP FINANCIAL GROUP, INC.** | **CV'07 - 886    AS** |
| **Defendants.** | |

Now comes the Plaintiff, J. KEVIN GARVEY, by his attorney MEGAN E. GLOR and complaining against the Defendants, PIPER RUDNICK LLP LONG TERM DISABILITY INSURANCE PLAN and STANDARD INSURANCE COMPANY, a subsidiary of STANCORP FINANCIAL GROUP, INC., he states:

COMPLAINT
PAGE 1 of 8
Megan E. Glor
Attorneys at Law
621 SW Morrison, Suite 900
Portland, OR 97205
(503) 223-7400

16008

## JURISDICTION AND VENUE

1. Jurisdiction of the court is based upon the Employee Retirement Income Security Act of 1974 (ERISA); and in particular, 29 U.S.C. §§1132(e)(1) and 1132(f). Those provisions give the district courts jurisdiction to hear civil actions brought to recover benefits due under the terms of an employee welfare benefit plan which, in this case, consists of a group long term disability insurance policy underwritten by the Standard Insurance Company ("Standard") for the benefit of employees of Piper Marbury Rudnick & Wolfe LLP, currently known as DLA Piper US LLP ("DLA Piper"). In addition, this action may be brought before this court pursuant to 28 U.S.C. §1331, which gives the district court jurisdiction over actions that arise under the laws of the United States.

2. The ERISA statute provides, at 29 U.S.C. §1333, a mechanism for administrative or internal appeal of benefit denials. Those avenues of appeal have been exhausted.

3. Venue is proper pursuant to 28 U.S.C. §1391 (b) and (c) and 29 U.S.C. §1132. Under 29 U.S.C. §1132 (e)(2), "where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where the defendant resides or may be found." Defendant Standard, a subsidiary of StanCorp Financial Group, Inc., is a corporation duly organized by virtue of the laws of the State of Oregon; its principal place of business is located in Portland, Oregon and therefore resides, for Venue purposes, within the District of Oregon; the breach took place at its principal place of

COMPLAINT
PAGE 2 of 8
Megan E. Glor
Attorneys at Law
621 SW Morrison, Suite 900
Portland, OR 97205
(503) 223-7400

business in Portland, Oregon; and Standard administered the Plan (as hereinafter defined) within the State of Oregon.

## NATURE OF ACTION

4. This is a claim seeking an award to plaintiff of disability benefits pursuant to the Piper Rudnick LLP Long Term Disability Insurance Plan, policy number 641252-A ("Plan") underwritten by Standard to provide long term disability insurance benefits to partners and employees of Piper Marbury Rudnick & Wolfe LLP (a true and correct copy of the Plan, including amendments, is attached hereto and incorporated herein as Exhibit "A"), as well as an action seeking declaratory judgment. This action, seeking recovery of benefits as well as equitable relief, is brought pursuant to §§ 502(a)(1)(B) of ERISA (29 U.S.C. § 1132(a)(1)(B))and 502(a)(3) respectively.

## THE PARTIES

5. J. Kevin Garvey ("Garvey") is currently, and at all times relevant was, a resident of Chicago, Illinois.

6. Standard is an insurer of short term and long term disability benefits. At all times relevant hereto, Standard was doing business throughout the United States and within the District of Oregon. Standard is a corporation duly organized by virtue of the laws of the State of Oregon with its principal place of business in Portland, Oregon.

7. At all times relevant hereto, the Plan constituted an "employee welfare benefit plan" as defined by 29 U.S.C. § 1002(1); and incident to his position as a partner at DLA Piper, Garvey received coverage under the Plan as a "participant" as defined by 29 U.S.C. § 1002(7). This claim relates to benefits under the Plan.

COMPLAINT
PAGE 3 of 8
Megan E. Glor
Attorneys at Law
621 SW Morrison, Suite 900
Portland, OR 97205
(503) 223-7400

## STATEMENT OF FACTS

8. Garvey was a partner in the downtown Chicago office of the law firm of DLA Piper ("Piper"), one of the world's largest law firms. On March 1, 2004, Garvey was forced to reduce his hours to part-time due to his arthritis, herniated disc, lower back pain with a history of laminectomy, stress, sleep disturbance resulting in insomnia, Anxiety disorder NOS (Not Otherwise Specified) DSM-IV 300, Adjustment disorder with mixed features DSM-IV 309.9 and Depressive disorder NOS DSM-IV 311.

## COUNT I-CLAIM FOR BENEFITS

9. Plaintiff restates and incorporates paragraphs 1-8 herein.

10. Garvey received short-term disability benefits from March 1, 2004 to February 28, 2005, at which time he was forced to cease working due to his disability.

11. Garvey applied for long term disability benefits through Standard on January 6, 2005. Under the terms of the Plan, disability is defined as follows:

> You are Disabled if you meet one of the following definitions during the period it applies:
>
> A. Own Occupation Definition of Disability;
> B. Any Occupation Definition of Disability; or
> C. Partial Disability Definition
>
> Own Occupation means any…profession…that involves Material Duties of the same general character as your regular and ordinary employment with the Employer. Your Own Occupation is not limited to your job with your employer.
>
> Material Duties means the essential tasks, functions and operations, and the skills, abilities, knowledge, training and experience, generally required by employers from those engaged in a particular occupation.

COMPLAINT
PAGE 4 of 8
Megan E. Glor
Attorneys at Law
621 SW Morrison, Suite 900
Portland, OR 97205
(503) 223-7400

(Exhibit A, Page 6). The Plan also states that a claimant is considered disabled from his own occupation if, "as a result of Physical Disease, Injury...or Mental Disorder, you are unable to perform *with reasonable continuity* the Material Duties of your Own Occupation." (Exhibit A, Page 6) (emphasis added).

12. On May 5, 2005, Standard denied Garvey's claim for benefits under the Own Occupation standard based upon its erroneous determination that he would be able to perform the material duties listed in the definition of "Attorney" in the *Dictionary of Occupational Titles*. In doing so, Standard failed to consider the difference between the definition relied upon and the essential tasks, functions and operations, and the skills, abilities, knowledge, training and experience required of Garvey's position as a partner in a large Chicago law firm.

13. On October 18, 2005, Garvey appealed Standard's decision to deny benefits and supported his claim with medical documents and opinions supporting his ongoing disability. Despite his timely appeal, Standard unreasonably refused to reconsider its decision.

14. On January 5, 2006, Standard denied Garvey's appeal stating that the administrative review process had been concluded. Therefore, all efforts at administrative review or appeal have been exhausted and this matter is ripe for judicial review.

15. Since the onset of his disability, Garvey has continuously met the Plan definition of disability; and he has since been under the care of his treating physician who has regularly certified his disability.

**COMPLAINT**
PAGE 5 of 8
Megan E. Glor
Attorneys at Law
621 SW Morrison, Suite 900
Portland, OR 97205
(503) 223-7400

16. Since the onset of his disability, Garvey has suffered additional physical aliments including but not limited to squamous cell carcinoma and retinal detachment with proliferative vitreoretinopathy and evolving cataract right eye resulting in surgery.

17. Standard's determination that Garvey does not meet the Plan definition of disability under the "Own Occupation" standard is contrary to the terms of the Plan and is not supported by the evidence.

18. As a direct and proximate result thereof, based on the evidence submitted to Standard establishing that Garvey has met the Plan definition of "disability" continuously since the onset of his disability, and that he continues to meet that definition, Garvey is entitled to payment of monthly disability insurance benefits plus interest on all overdue payments.

WHEREFORE, plaintiff prays for the following relief:

A. That the court enter judgment in plaintiff's favor and against defendants and that the court order defendants to pay long term disability income benefits to plaintiff in an amount equal to the contractual amount of benefits to which he is entitled under the Plan;

B. That the court order defendants to pay plaintiff prejudgment interest on all benefits that have accrued prior to the date of judgment;

C. That the court order defendants to continue paying plaintiff benefits until such time as he is no longer entitled to benefits pursuant to the terms of the Plan;

D. That the court award plaintiff his attorney's fees pursuant to 29 U.S.C. § 1132(g); and

COMPLAINT
PAGE 6 of 8
Megan E. Glor
Attorneys at Law
621 SW Morrison, Suite 900
Portland, OR 97205
(503) 223-7400

E.　That plaintiff recovers any and all other relief to which he may be entitled, as well as the costs of suit.

## COUNT II-DECLARATORY RELIEF

19.　Plaintiff restates and incorporates paragraphs 1-18 herein.

20.　The Plan provides for several sources of deductible income. Specifically, the Plan states:

> Subject to **Exception to Deductible Income,** Deductible Income means:
>
> 4. Any amount you, your spouse, or your children under age 18 receive or are eligible to receive because of your retirement under:
>
> e. Any similar plan, act, or law.

Plan at 10.

21.　However, under the section of the Plan entitled "EXCEPTIONS TO DEDUCTIBLE INCOME", the Plan states Deductible Income does not include:

> 8. Benefits a through j below:
>
> i. Retirement plan under a professional service corporation with respect to principals.

Plan at 11.

22.　At all times relevant hereto, Plaintiff was a "principal" for purposes of the Plan.

23.　Sometime after becoming disabled, Plaintiff elected to receive benefits under the Partner's Retirement Equity Plan for principals provided by Piper.

COMPLAINT
PAGE 7 of 8
Megan E. Glor
Attorneys at Law
621 SW Morrison, Suite 900
Portland, OR 97205
(503) 223-7400

24.  As the Plan clearly states, retirement plan benefits payable to principals are not considered deductible income for purposes of the Plan. This has subsequently been confirmed by Tracey McLaughlin, Director of Compensation and Benefits for Piper. See Exhibit B (attached).

25.  Therefore, retirement benefits received under the Partner's Retirement Equity Plan for principals may not be used to offset the disability benefits due Plaintiff.

WHEREFORE, plaintiff prays for the following relief:

A.  That the court enter a declaratory judgment in plaintiff's favor, declaring the benefits received under the Partner's Retirement Equity Plan are not "deductible income" for purposes of the disability plan.

B.  That plaintiff recovers any and all other relief to which he may be entitled, as well as the costs of suit.

DATED THIS 14TH DAY OF JUNE, 2007.

_____
Megan E. Glor
OSB#930178
(503) 223-7400
Of Attorneys for plaintiff J. Kevin Garvey

COMPLAINT
PAGE 8 of 8
Megan E. Glor
Attorneys at Law
621 SW Morrison, Suite 900
Portland, OR 97205
(503) 223-7400