IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| J. KEVIN GARVEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 08 C 1093 |
| | ) |
| PIPER RUDNICK LLP LONG TERM | ) Judge Joan Humphrey Lefkow |
| DISABILITY INSURANCE PLAN, | ) Magistrate Judge Nan R. Nolan |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff J. Kevin Garvey has filed suit against the Piper Rudnick LLP Long Term Disability Insurance Plan (the "Plan"), to recover disability benefits under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* Garvey worked as a partner at the law firm of DLA Piper US LLP (formerly known as Piper Marbury Rudnick & Wolfe LLP) ("Piper Rudnick"), and was a participant in the Plan. It is undisputed that Garvey received short term disability ("STD") benefits under the Plan from March 1, 2004 to February 28, 2005, and that Piper Rudnick self-funded those payments. When Garvey ceased working altogether on February 28, 2005, he filed a claim for long term disability ("LTD") benefits, which were funded by the Plan's insurer, Standard Insurance Company ("Standard"). Standard denied the claim and a subsequent appeal.

On October 9, 2009, the court granted Garvey's motion to compel discovery regarding whether Standard acted under a conflict of interest in making its benefits determination in his case. *Garvey v. Piper Rudnick*, __ F.R.D. __, 2009 WL 3260010 (N.D. Ill. Oct. 9, 2009). The court concluded that under the Seventh Circuit's two-part test in *Semien v. Life Ins. Co. of N. Am.*, 436 F.3d 805 (7th Cir. 2006), Standard had a specific conflict of interest as both administrator of the Plan and payor of benefits, and there was good cause to believe that limited discovery would reveal a procedural defect in the plan administrator's determination. *Id.* at *6-8. The court based its latter determination on Garvey's representation that Standard had granted him STD benefits, which were

paid by Piper Rudnick, but then denied him LTD benefits that would have been paid out of Standard's own pocket, despite no change in the definition of disability.

The Plan now moves to reconsider and vacate this decision, arguing that Standard did not in fact approve Garvey's request for STD benefits. Garvey, in turn, moves to strike the affidavit of Samantha Jaurequi, submitted in support of the Plan's motion. For the reasons stated below, the motion to reconsider and vacate is granted in part and denied in part, and the motion to strike is denied.

## DISCUSSION

In his motion to compel, Garvey repeatedly represented to the court that Standard had approved his claim for STD benefits. Specifically, Garvey asserted that: (1) "Standard found Plaintiff was continuously disabled . . . when he applied for [STD] benefits under the Plan"; (2) "Plaintiff applied for STD benefits under the DLA Piper Disability Plan, and Standard approved his claim and paid benefits from March 2004 to February 2005"; (3) "Standard approved Garvey's claim for STD benefits but denied coverage when its own assets were at risk"; and (4) "Standard approved Garvey's claim for STD benefits and paid benefits." (Pl. Mem., Doc. 61, at 2, 11; Pl. Reply, Doc. 86, at 2, 7.)

The Plan denied these assertions, but cited two documents that left the court entirely unconvinced. First, the Plan directed the court to Standard's Long Term Disability Benefits Employer's Statement, which merely stated that Garvey was "currently working 50% schedule" and "will go to 100% disability 3/1/05." (Admin Rec., at STND093-00474.) The Plan also highlighted an October 18, 2005 letter Garvey sent to Standard, in which he wrote, "Piper Rudnick approved my claim and placed me on short-term disability as of March 1, 2004." (Admin. Rec., at STND983-00554.) The problem for the Plan was that the STD plan document identified Standard as the Claims Administrator responsible for "receiv[ing], process[ing], investigat[ing] and evaluat[ing] claims for benefits." (Ex. B to Pl. Mem., at 1, 4.)

2

In response to the Plan's motion to reconsider, Garvey now admits that "[p]rior to this litigation, [he] had no knowledge of who administered his STD claim." (Pl. Resp., Doc. 95, at 4.) He further submitted an affidavit attesting that "I had no personal knowledge as to whether Standard was or was not charged with making the determination of my short term disability claim, or whether Standard had input into the approval of my short term disability claim." (Ex. E to Pl. Resp. ¶ 4.) This flatly contradicts his earlier representations to this court.

At the same time, the Plan has now submitted evidence establishing that Standard did not in fact grant Garvey's STD benefits. Samantha Jaurequi, Standard's Supervisor of Disability Benefits, executed an affidavit stating that Standard maintains and preserves records of STD claims under the Plan, including administrative records; she searched those records for an STD claim from Garvey; she found no such records using Garvey's name or social security number; and Standard did not administer or approve payment of Garvey's claim for STD benefits. (Jaurequi Aff., Ex. A to Def. Mem.) The Plan has also submitted an Administrative Services Agreement ("ASA") indicating that the Plan is responsible for selecting which STD claims are submitted to Standard. (Ex. B to Def. Mem., at 2.)

Garvey seeks to exclude Ms. Jaurequi's affidavit, arguing that it is untimely and outside the scope of the administrative record. To the extent (1) the Plan needed to submit the affidavit in order to correct a misapprehension on the part of the court caused by Garvey's misleading statements regarding Standard's role in his STD claim, and (2) Garvey supported his initial motion to compel with evidence outside the administrative record, the court finds these objections unpersuasive. The motion to strike the affidavit is denied.

Contrary to Garvey's assertion, the court allowed discovery into Standard's conflict of interest based solely on Garvey's representation that Standard granted him benefits until its own funds were at risk, despite no change in the definition of disability. *Garvey*, __ F.R.D. at __, 2009 WL 3260010, at *8. It is now clear that this representation was inaccurate and, thus, it does not

3

suffice as a prima facie showing of good cause to believe that limited discovery will reveal a procedural defect in the plan administrator's determination.

Garvey attempts to avoid this conclusion by expanding on an argument he made in connection with the motion to compel. Garvey previously contended that Standard's claims personnel act under a conflict of interest because their job descriptions include a mandate to try and contain claims liability. (Pl. Mem., Doc. 61, at 13; Pl. Reply, Doc. 86, at 7.) The court rejected this argument, noting that "[c]laims containment is presumably a general goal of all insurance companies and their staff." *Id.* at *6 n.1. Garvey now wants to supplement the argument by noting that the job descriptions also include financial information regarding the job's annual impact, single payment limit, and reserve authority. (Pl. Resp., Doc. 95, at 7.) Garvey theorizes that this somehow demonstrates that claims administrators are not walled off from those interested in firm finances. (*Id.* (citing *Metropolitan Life Ins. Co. v. Glenn*, 128 S.Ct. 2343, 2351 (2008)).) The court has serious doubts about Garvey's theory and, in any event, it is well-established that "[a]rguments raised for the first time in connection with a motion for reconsideration . . . are generally deemed to be waived." *Mungo v. Taylor*, 355 F.3d 969, 978 (7th Cir. 2004).

The court finds that Garvey is not entitled to any conflicts discovery, and sections C(2) and C(3) of the October 9, 2009 opinion are vacated. The court sees no basis for altering or withdrawing any other portion of that opinion. In addition, the Plan has not cited any authority for withdrawing the original opinion from Westlaw, and that request is denied.

## CONCLUSION

For the reasons set forth above, Defendant's Motion to Reconsider and Vacate the Order Allowing Discovery [89] is granted in part and denied in part, and Plaintiff's Motion to Strike Defendant's Affidavit by Samantha Jaurequi [93] is denied. Sections C(2) and C(3) of the previous opinion are vacated.

4

ENTER:

Dated: December 8, 2009

/s/ Nan R. Nolan
_____
NAN R. NOLAN
United States Magistrate Judge